IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA PETRAS,

      Plaintiff,                                No. MISC. S-09-0010 GEB EFB

      vs.

A-1 MOVING AND STORAGE,

      Defendant.                            ORDER

_____/

      This case was before the court on June 24, 2009, for hearing on the court's order directing Jack Haycock, Esq., counsel for David Swaim, representative of A-1 Moving and Storage Systems Inc., to show cause why sanctions should not be imposed for his failure to appear at the hearing on June 10, 2009, that has been set for further argument and on Swaim's objections to proceeding with his judgment debtor exam.  At the June 24, 2009, hearing the court also heard further argument on Swaim's objections.  Darrel C. Menthe, Esq., appeared on behalf of plaintiff, Lisa Petras.  D. Jack Haycock, Esq., appeared on behalf of David Swaim.

      For the reasons stated at oral argument, the court does not find good cause for Mr. Haycock's failure to appear, and thus finds it appropriate to impose monetary sanctions. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(C), E. D. Cal. L. R. ("Local Rule") 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

1

1  imposition by the Court of any and all sanctions authorized by statute or Rule or within the
2  inherent power of the Court.); Fed. R. Civ. P. 37(b)(2)(C) (authorizing court to require failing
3  party to pay the other party's reasonable expenses, including attorney's fees, unless the failure
4  was substantially justified or other circumstances make an award of expenses unjust); Fed. R.
5  Civ. P. 16(f) (authorizing imposition of fees and costs for party's failure to appear at a
6  scheduling or other pretrial conference).

7       In his June 22, 2009 "Declaration Re: Order to Show Cause," Mr. Menthe itemized his
8  expenses.[1] Mr. Menthe's billing rate, which the court finds reasonable, is $435/hour. He
9  expended five hours of his time for a total of $2,175.00 in fees. Mr. Menthe's firm incurred
10 $215.00 in expenses for his plane ticket and transportation to and from the airport. The total
11 amount for Mr. Menthe's travel and appearance expenses is $2,390.00, which the court will
12 order reimbursed by Mr. Haycock.

13      Finally, having heard Mr. Haycock's objections to the scope of questioning at Mr.
14 Swaim's initial judgment debtor exam held on April 29, 2009, the court concludes that the
15 judgment debtor exam must continue and that Mr. Swaim is required to answer all questions
16 regarding his various A-1 entities, the relationships between those entities, and his personal
17 assets.

18      Accordingly, IT IS HEREBY ORDERED that:

19      1. Mr. Haycock shall, no later than thirty (30) days from the filing date of this order,
20 reimburse Mr. Menthe's June 10, 2009 travel and appearance expenses, in the total amount of
21 $2,390.00. Mr. Haycock shall file with the Clerk an affidavit within ten (10) days thereafter

---

[1] During the hearing, Mr. Haycock raised the question of whether he would be required to pay for the travel and appearance expenses of two attorneys. Mr. Menthe explained that he was requesting reimbursement for only one attorney, himself. The court examined Mr. Menthe's itemization of costs and finds no double billing. *See* Dckt. No. 22. The cost of one plane ticket for a summer associate who accompanied Mr. Menthe to the hearing has been removed from the total sum of travel and appearance expenses. The court finds the remaining costs to be reasonably and necessarily incurred and does not therefore find it necessary to require further briefing or submission of further documents on the matter by either Mr. Menthe or Mr. Haycock.

1  which states that he has paid the sum out of his personal funds, and will not, directly or
2  indirectly, bill his client or in any way make it the responsibility of his client as attorneys' fees or
3  costs.
4     2.  Mr. Swaim shall appear on Thursday, July 9, 2009, at 9:30 a.m., in Courtroom No. 25,
5  to complete the judgment debtor exam.
6     SO ORDERED.
7  DATED:  June 26, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE