IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA PETRAS,

        Plaintiff,                           No. MISC. S-09-10 GEB EFB

    vs.

A-1 MOVING AND STORAGE,

ORDER

        Defendant.

_____/

       On February 26, 2009, plaintiff filed this miscellaneous action registering a judgment against defendant entered by the United States District Court for the Eastern District of Virginia in favor of plaintiff in the amount of $166,240. *See* 28 U.S.C. § 1963; Dckt. No. 1. On March 4, 2009, plaintiff filed an application for a writ of execution, which issued on March 13, 2009. Dckt. Nos. 3, 4. Plaintiff then filed an application for, and was granted, an order that David Swaim, who was listed as the registered agent of service of process for defendant and who plaintiff believed is the majority owner and presiding officer of defendant, appear at a judgment debtor's examination on April 29, 2009. Dckt. Nos. 5, 6; *see* L.R. 302(c)(11).

       On April 29, 2009, attorney D. Jack Haycock appeared on behalf of David Swaim and objected to the examination. Dckt. No. 8. After briefing from the parties, on June 24, 2009, the court ordered the examination to proceed and ordered David Swaim to appear on July 9, 2009 to

1

complete the examination. Dckt. Nos. 23, 27.

After completing the examination of David Swaim, on August 5, 2009, plaintiff filed an application for an order that Paul Swaim, David Swaim's son, appear at a judgment debtor's examination. Dckt. Nos. 30-32; 34-37. Plaintiff contended that the examination of David Swaim revealed that "Paul Swaim appears to control the only financial accounts used by the Corporation and the associated Moving Business [and] is involved with all the legal matters." Dckt. No. 32 at 12. The court thereafter ordered Paul Swaim to appear at a judgment debtor examination on September 30, 2009. Dckt. Nos. 33, 38, 42.

On November 16, 2009, plaintiff filed an application for an order to show cause why David Swaim and Paul Swaim should not be held in contempt of court for their disobedience of court orders requiring them to produce documents and meaningfully and truthfully participate in judgment debtor examinations, and seeks "sanctions and orders to follow on further judgment debtor examination and production of documents." Dckt. No. 45 at 28. Plaintiff contends that "there is clear and convincing evidence that one or both of these men has failed to comply with [their] obligations to produce documents and participate in judgment debtor examinations by truthfully answering the questions posed," given the numerous inconsistencies between their testimony, and therefore the burden should shift to them "to appear and explain themselves." *Id.* at 27-28. Plaintiff noticed the matter for hearing on December 16, 2009. Dckt. No.

Court records reflect that neither David Swaim nor Paul Swaim filed an opposition or a statement of non-opposition to plaintiff's application. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be filed and served no later than fourteen days preceding the noticed hearing date or, in this instance, by December 2, 2009. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been

////

////

2

timely filed by that party."[1]  In light of David Swaim and Paul Swaim's failure to respond to plaintiff's application, the hearing on the application will be continued and David and Paul Swaim will be ordered to file responses to the application.

Further, on December 2, 2009, David Swaim's attorney of record, D. Jack Haycock, filed a declaration stating that he was hired by David Swaim "for the limited purpose of attempting to narrow any examination of Mr. Swaim to the assets of [defendant] and avoid any questions pertaining to the private affairs of Mr. Swaim individually."  Dckt. No. 51 at 1-2.  The declaration further states that after the judgment debtor examination was completed, David Swaim "acknowledged that [Haycock's] services were no longer needed" and states that Haycock has made over ten attempts to contact David Swaim to substitute Haycock out of the action and to pay his bill, but Haycock has not received any return calls.  *Id.* at 2.  The declaration was mail served on David Swaim on December 2, 2009.  *Id.* at 4.

Although Haycock's declaration states that at the June 24, 2009 hearing, Haycock "requested and the Court excused [him] as the attorney for David Swaim from further appearance in this matter," *id.*, Haycock was not excused as counsel at that hearing and has not filed a motion to withdraw as counsel, as required by Local Rule 182(d).[2]  Nonetheless, on December 8, 2009, Haycock filed a proposed substitution of attorneys, which purports to substitute out Mr. Haycock and substitute in David Swaim in *pro se*, and which reveals that David Swaim consents to Haycock's withdrawal.  Dckt. No. 52.  Although the proposed

---

[1] Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and/or the Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Additionally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

[2] Mr. Haycock's declaration states that "out of an abundance of caution, [he is] now in the process of drafting and will be filing a motion to be formally relieved as counsel for Mr. Swaim."  Dckt. No. 51 at 2.  However, no such motion has been filed.

substitution of attorneys will not be signed because of David Swaim's *pro se* status, *see* L.R. 182(g), in light of David Swaim's consent to the purported substitution, as well as the statements set forth in Haycock's declaration regarding the limited nature of Haycock's agreed representation in this action, the undersigned will construe the declaration and substitution of attorneys together as a motion by Haycock to withdraw as David Swaim's counsel and will grant that motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's application for an order to show cause is continued to February 17, 2010, at 10:00 a.m. before the undersigned.

2. D. Jack Haycock's declaration, Dckt. No. 51, and proposed substitution of attorneys, Dckt. No. 52, are construed as a motion by Haycock to withdraw as David Swaim's counsel, and that motion is granted.

3. David Swaim will be deemed proceeding *pro se* in this action, and any filings, notices, or correspondence shall be served upon him at 113 Lighthouse Drive, Vacaville, California 95688.

4. David Swaim and Paul Swaim shall each file an opposition to plaintiff's application for an order to show cause, or a statement of non-opposition thereto, no later than February 3, 2010.

5. Failure of David Swaim and/or Paul Swaim to file an opposition will be deemed a statement of non-opposition to the pending application, and may result in a recommendation that one or both of them be held in contempt, and/or may result in the imposition of sanctions.

6. On or before February 10, 2010, plaintiff may file a reply to any opposition(s) filed by David Swaim and/or Paul Swaim.

7. David Swaim and Paul Swaim shall appear in person at the hearing on plaintiff's application for an order to show cause on February 17, 2010 at 10:00 a.m.

////

8. The Clerk of the Court is directed to serve a copy of this order on David Swaim at 113 Lighthouse Drive, Vacaville, California 95688, and on Paul Swaim at 109 Bella Vista Way, Vallejo, California 94590.

DATED: December 11, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE