IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA PETRAS,

    Plaintiff,

vs.

A-1 MOVING AND STORAGE,

    Defendant.

No. Misc. S-09-0010 GEB EFB

ORDER

    On February 16, 2011, plaintiff and judgment creditor Lisa Petras ("Petras") filed a motion to compel David Swaim ("Swaim") to produce responses to specific interrogatories and document requests Petras served on Swaim on November 22, 2010. Dckt. No. 75. The motion is noticed for hearing on April 27, 2011. Dckt. No. 76. However, because Swaim failed to file any response to the motion and because the court finds that oral argument would not be of material assistance to the court, the hearing on the motion will be vacated and the motion will be granted.[1]

    This miscellaneous case has a long history before this court. On February 26, 2009, Petras filed the action registering a judgment against defendant A-1 Moving and Storage

---

[1] Eastern District of California Local Rule 251(e) governs Petras's motion since Swaim has completely and totally failed to respond to Petras's discovery requests. Pursuant to Local Rule 251(e), Swaim was required to "file a response [to Petras's motion] not later than seven (7) days before the hearing date," in this instance, by April 13, 2011.

1

Systems, Inc. ("A-1 Moving"), entered by the United States District Court for the Eastern District of Virginia in favor of Petras in the amount of $166,240. *See* 28 U.S.C. § 1963; Dckt. No. 1. The Virginia court determined that A-1 Moving failed to move Petras's belongings from California to Virginia and awarded Petras the value of those belongings. Dckt. No. 75 at 1.[2] Swaim is the record owner of A-1 Moving. *Id.* at 2.

Since the action was filed in this court, Petras has, among other things, conducted numerous judgment debtor examinations of Swaim and his son, Paul Swaim, and also moved to compel the production of documents from Swaim and Paul Swaim, which the court granted, Dckt. No. 70. Nonetheless, Petras has yet to receive any amount of the $166,000.00 judgment owed to her by A-1 Moving, nor has she received her belongings back from A-1 Moving. Dckt. No. 75 at 1. Her belongings are currently sitting in a warehouse under A-1 Moving's name, where A-1 Moving placed her belongings after it failed to complete the move. Victory Decl., Dckt. No. 75-1, ¶ 12, Ex. A. According to the warehouse storing Petras's belongings, A-1 Moving is the only entity that has the identifying box numbers to identify which storage boxes (of the hundreds of boxes held there under A-1 Moving's name) contain Petras's belongings. *Id*. ¶ 13.

After numerous failed efforts to informally seek information regarding those identifying box numbers from Swaim, on November 22, 2010, Petras served Swaim with a set of interrogatory requests and document requests under Section 708.020 and 708.030 of the California Code of Civil Procedure. *Id*. ¶¶ 14-16, Exs. B-E. Swaim failed to respond to the discovery requests and failed to respond to the efforts by counsel for Petras to meet and confer about the failure to respond. *Id.* ¶ 17, Ex. F. Accordingly, Petras now moves to compel Swaim to provided responses.

---

[2] All references to the facts set forth in Petras's motion to compel, Dckt. No. 75, also incorporate the citations set forth in Petras's application for an order to show cause re: contempt, Dckt. No. 45.

In proceedings in aid of a judgment or execution, a judgment creditor may obtain discovery from any person, including a judgment debtor, as provided in the Federal Rules of Civil Procedure or "by the procedure of the state where the court is located." Fed. R. Civ. P. 69(b). Federal Rule of Civil Procedure 33 authorizes a party to propound interrogatories and Rule 34 authorizes a party to request to inspect documents. Fed. R. Civ. P. 33, 34. Additionally, California Code of Civil Procedure section 708.030(a) provides that a judgment creditor may propound inspection demands to a judgment debtor requesting information to aid in enforcement of the money judgment. Cal. Civ. Proc. Code § 708.030(a) ("The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made . . . if the demand requests information to aid in enforcement of the money judgment."). "Judgment debtor" is defined as "the person against whom a judgment is rendered." Cal. Civ. Proc. Code § 680.250.

Under the Federal Rules of Civil Procedure, upon notice, a party may move for an order compelling disclosure or discovery after a good faith attempt to confer with a party failing to make disclosure or discovery. Fed. R. Civ. P. 37(a)(1); *see also* E.D. Cal. L.R. 251. Additionally, California Civil Procedure Code section 708.030 provides that when a responding party fails to answer a request for inspection, post judgment discovery may be enforced in the same manner as discovery in a civil action. Cal. Civ. Proc. Code § 708.030. California Civil Procedure Code section 2031.300(b) provides that if a party to whom a demand for inspection, copying, testing, or sampling is directed fails to serve a timely response to it, the party making the demand may move for an order compelling response to the demand. Section 2031.300(a) also provides that failure to timely respond to a demand will result in a waiver of any objections thereto unless the party's failure to serve the timely response was the result of mistake, inadvertence, or excusable neglect.

////

Furthermore, the court, upon motion, may order sanctions if a party, after being properly served with interrogatories or requests for inspection, fails to serve its answers, objections, or written responses. Fed. R. Civ. P. 37(d). In addition, Rule 37(d)(3) provides that, "[i]nstead of or in addition to these sanctions, the Court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or circumstances make an award of expenses unjust." *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is granted, unless certain exceptions are present, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). California Civil Procedure Code section 2031.300(c) provides that "the court shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to a demand for inspection, copying, testing, or sampling, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." *See also* Cal. Civ. Proc. Code § 2031.310.

Here, Petras propounded interrogatories and requests for inspection of documents on Swaim, pursuant to California Civil Procedure Code sections 708.020 and 708.030. The requests were properly served on Swaim by certified mail, pursuant to Federal Rule of Civil Procedure 5(b)(2)(c) and California Civil Procedure Code section 1013(a). Petras moved to compel responses to the discovery at issue only after Swaim failed to respond to the discovery requests and failed to respond to plaintiff's attempts to meet and confer regarding their failures. Swaim did not file an opposition to the motion.

The documents and information sought by Petras relate only to the identifying storage box numbers for the boxes containing Petras's belongings and are therefore clearly relevant and discoverable as part of Petras's attempts to enforce her judgment against A-1 Moving. Any

objections Swaim has or had to the discovery requests were waived by Swaim's failure to respond to those requests.[3]  Accordingly, Petras's motion to compel Swaim to respond to those discovery requests without objection will be granted.

Petras also seeks sanctions for Swaim's failure to respond to the discovery requests. Dckt. No. 75 at 7.  In light of Swaim's pro se status, as well as his financial status, as represented to the court in previous hearings, the court declines to impose sanctions against Swaim at this time.  Therefore, the request for sanctions will be denied.  However, Swaim is admonished that failure to comply with this order may very well result in the imposition of sanctions in the future.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 27, 2011 hearing on Petras's motion to compel is vacated;

2. Petras's motion to compel, Dckt. No. 75, is granted;

3. Petras's motion for sanctions, Dckt. No. 75, is denied;

4. On or before April 29, 2011, David Swaim shall provide to Petras's counsel complete responses, without objection, to Petras's November 22, 2010 interrogatories and requests for production of documents; and

5. A failure to comply with this order may result in the imposition of sanctions.

DATED: April 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Petras has agreed, however, to enter a stipulated "attorney's eyes only" protective order if requested by Swaim.

5